J-S66043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THUONG M. NGUYEN | |
| Appellant | No. 1849 MDA 2015 |

Appeal from the Judgment of Sentence October 8, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000080-2015

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                   **FILED SEPTEMBER 13, 2016**

Thuong M. Nguyen ("Appellant") appeals from the judgment of sentence entered in the Centre County Court of Common Pleas following his bench trial convictions for driving under the influence ("DUI")[1] and his summary offense of disregarding a traffic lane.[2]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On January 4, 2015, at approximately 1:00 a.m., Pennsylvania State Police Trooper Elizabeth Rita Clatch was operating her marked police vehicle when she observed Appellant's vehicle cross over the double yellow lines twice. She activated her video recorder and followed Appellant, who varied his

_____

[1] 75 Pa.C.S.  § 3802(a)(1) and (b).

[2] 75 Pa.C.S. § 3309.

speed between 35 and 45 miles per hour and partially crossed over the yellow lines on three more occasions.  Based on her experience with DUI offenses and the totality of the circumstances, Trooper Clatch believed Appellant was DUI and pulled over his vehicle.  She proceeded to give Appellant a breathalyzer test.

Appellant was arrested and charged with DUI (general impairment), DUI (high rate of alcohol, Bac. 0.10-0.16), disregarding a traffic lane, and careless driving.[3]  On April 2, 2015, Appellant entered into a guilty plea, which he subsequently withdrew.  On August 6, 2015, Appellant filed a motion to suppress evidence, alleging Trooper Clatch did not have probable cause to justify her stop, and requesting the trial court to suppress all evidence obtained in violation of his constitutional rights.  On August 18, 2015, the court conducted a hearing on Appellant's motion to suppress.  The court denied Appellant's suppression motion, conducted a bench trial, convicted Appellant of the aforementioned convictions, and acquitted him of careless driving.

On October 8, 2015, the court sentenced Appellant to fifteen (15) days to six (6) months of incarceration, plus fines and costs.  On October 23, 2015, Appellant filed a timely notice of appeal.[4]

_____

[3] 75 Pa.C.S. § 3714(a).

[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

> WHETHER THE TRIAL COURT ERRED AND ABUSED ITS
> DISCRETION IN DENYING APPELLANT'S MOTION TO
> SUPPRESS EVIDENCE?
>
> WHETHER THE TRIAL COURT MISAPPLIED THE LAW IN
> DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE?

Appellant's Brief at 7.

In his combined issues, Appellant argues that, because Trooper Clatch did not have reasonable suspicion to stop Appellant's vehicle, the trial court erred by denying his suppression motion. We disagree.

When addressing a challenge to a trial court's denial of a suppression motion, our standard of review is "whether the factual findings are supported by the record and whether the legal conclusions drawn from these facts are correct." *Commonwealth v. Hawkins*, 45 A.3d 1123, 1126 (Pa.Super.2012), *appeal denied*, 53 A.3d 756 (Pa.2012) (internal citation omitted). Further:

> [w]hen reviewing the rulings of a suppression court, we
> must consider only the evidence of the prosecution and so
> much of the evidence for the defense as remains
> uncontradicted when read in the context of the record as a
> whole. Where the record supports the findings of the
> suppression court, we are bound by those facts and may
> reverse only if the legal conclusions drawn therefrom are
> in error.

*Id.* (citations and internal quotation marks omitted). Additionally, when reviewing the suppression court's rulings, we consider only the suppression record. *In re L.J.,* 79 A.3d 1073, 1085 (Pa.2013) ("it is inappropriate to

consider trial evidence as a matter of course, because it is simply not part of the suppression record, absent a finding that such evidence was unavailable during the suppression hearing.").

Pennsylvania recognizes three types of interactions between police officers and citizens. *Commonwealth v. Stevenson*, 832 A.2d 1123, 1126-27, (Pa.Super.2003). "Interaction between citizens and police officers, under search and seizure law, is varied and requires different levels of justification depending upon the nature of the interaction and whether or not the citizen is detained." *Id.*

> The first category, a mere encounter or request for information, does not need to be supported by any level of suspicion, and does not carry any official compulsion to stop or respond. The second category, an investigative detention, derives from [*Terry v. Ohio*, 392 U.S. 1, 8, 88 S. Ct. 1868, 1873, 20 L. Ed. 2d 889 (1968)] and its progeny: such a detention is lawful if supported by reasonable suspicion because, although it subjects a suspect to a stop and a period of detention, it does not involve such coercive conditions as to constitute the functional equivalent of an arrest. The final category, the arrest or custodial detention, must be supported by probable cause.

*Commonwealth v. Gonzalez*, 979 A.2d 879, 884 (Pa.Super.2009) (quoting *Commonwealth v. Moyer*, 954 A.2d 659, 663 (Pa.Super.2008) (*en banc*) (quoting *Commonwealth v. Smith*, 836 A.2d 5, 10 (Pa.2003))).

"Police must have reasonable suspicion that a person seized is engaged in unlawful activity before subjecting that person to an investigative detention." *Commonwealth v. Goldsborough*, 31 A.3d 299, 306

(Pa.Super.2011), *appeal denied*, 49 A.3d 442 (Pa.2012) (quoting

**Commonwealth v. Cottman**, 764 A.2d 595 (Pa.Super.2000)).

> Reasonable suspicion exists only where the officer is able to articulate specific observations which, in conjunction with reasonable inferences derived from those observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and that the person he stopped was involved in that activity. Therefore, the fundamental inquiry of a reviewing court must be an objective one, namely, whether the facts available to the officer at the moment of intrusion warrant a [person] of reasonable caution in the belief that the action taken was appropriate.

*Id.* (quoting **Commonwealth v. Jones**, 874 A.2d 108, 116

(Pa.Super.2005) (internal citations and quotation marks omitted)).

At the suppression hearing, the court made the following findings of

fact before denying Appellant's motion to suppress evidence:

> The trooper was trained in DUI detection…. She has experience in DUI investigation and stops…. [S]he was traveling north on State Route 550 when she observed [Appellant's] vehicle prior to activating her camera…. She witnessed [Appellant's] driver's side go over the double yellow line twice, driver's side wheels at least. Once she activated the video, the [c]ourt observed the vehicle go over the yellow lines three times from my observations. The trooper testified [that Appellant varied his] speed…. She also followed [Appellant] for several miles.
>
> She pulled [Appellant] over [based] on the totality of the circumstances for a DUI investigation. It was a Saturday night going into early Sunday morning, [and Appellant was] crossing over the double yellow lines[,] hitting the double lines[,] and [varying his] speed…. The [c]ourt finds that the trooper did have probable cause for count 3, disregard to traffic lanes, to pull over [Appellant] and also had reasonable suspicion to pull [Appellant] over for possible [DUI].

N.T., 8/18/2015, at 25-26.

The suppression court found that Trooper Clatch had reasonable suspicion that Appellant was DUI and probable cause that Appellant disregarded traffic lanes to subject Appellant to an investigative detention. The court's findings are supported by the record, and its legal conclusions drawn therefrom are not in error.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2016

- 6 -